United States District Court
Southern District of Texas
**ENTERED**
October 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE L. NOLEN, | § § § § | |
| Plaintiff. | | |
| VS. | § § § § § § § § § | CIVIL ACTION NO. 4:19-CV-04102 |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | | |
| Defendant. | | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Katherine L. Nolen ("Nolen") seeks judicial review of an administrative decision denying her applications for disability insurance benefits and supplemental security income under Title II of the Social Security Act (the "Act"). *See* 42 U.S.C. § 405(g). Before me are competing motions for summary judgment filed by Nolen and Defendant Andrew Saul, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 14, 17.

Having considered the motions, responsive briefing, record, and applicable law, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment (Dkt. 14) be **GRANTED** and Defendant's Motion for Summary Judgment (Dkt. 17) be **DENIED**.

## BACKGROUND

In August 2016, Nolen filed an application for disability insurance benefits under Title II of the Act, alleging disability as of July 24, 2016. Nolen's application was initially denied

and denied again upon reconsideration. Subsequently, an ALJ held a hearing and found Nolen was not disabled. Nolen filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final. This appeal followed.

## APPLICABLE LAW

Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000).

"[A] claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal quotation marks, citation, and emphasis omitted). To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Id.* (quotation marks and citation omitted). "Before reaching step four, the Commissioner assesses the claimant's residual functional capacity

("RFC")." *Kneeland*, 850 F.3d at 754. "The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* (quotation marks, brackets, and citation omitted). "The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Id*.

"The [Commissioner's] decision must stand or fall with the reasons set forth in the ALJ's decision." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## THE ALJ'S DECISION

The ALJ found at step one that Nolen "did not engage in substantial gainful activity during the period from her alleged onset date of July 24, 2016 through her date last insured of March 31, 2017." Dkt. 9-3 at 57 (emphasis omitted).

The ALJ found at step two that Nolen had the following severe impairments: "morbid obesity; history of Ll fracture - stable; diabetes mellitus; and chronic heart diseases (diagnosed around September 2017, after the date last insured)." *Id.* (emphasis omitted).

At step three, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of step four, the ALJ assessed Nolen's RFC, as follows:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b), except the claimant has additional limitations. Specifically, the claimant is limited to sitting 6 hours; standing and/or walking 4 hours; and lifting 20 pounds occasionally and 10 pounds frequently. The claimant could occasionally climb, but cannot climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. Additionally, the claimant needs to avoid dust, fumes, odors, and pulmonary irritants.

*Id.* at 60–61. At step four, the ALJ determined that Nolen's RFC would not allow her to perform any of her past relevant work.

At step five, with the assistance of vocational expert testimony, the ALJ found there were other jobs existing in the national economy that Nolen could perform. Specifically, the ALJ identified the occupations of mail clerk, with at least 50,000 jobs existing in the national economy and at least 3,500 jobs existing regionally; office helper, with at least 90,000 jobs existing in the national economy and at least 6,000 jobs existing regionally; and marker, with at least 150,000 jobs existing in the national economy and at least 9,000 jobs existing regionally. Accordingly, the ALJ determined that Nolen was not entitled to disability benefits.

## DISCUSSION

In this appeal, Nolen asserts two arguments. First, Nolen contends that the Commissioner failed to establish the existence of work she could perform. Second, Nolen asserts that the ALJ failed to properly evaluate medical opinion evidence given by her treating

4

physician Dr. Feras Elhajj.[1]  Because I ultimately find that Nolen's first argument warrants remand, I do not reach her second argument.

The error revealed by Nolen's first argument is obvious, so I will not belabor the point. The ALJ expressly stated that his step 5 determination is "[b]ased on the testimony of the vocational expert." Dkt. 9-3 at 66. Consistent with this assertion, the ALJ relied on the vocational expert's testimony that given Nolen's RFC, she would be able to perform work in three representative occupations: mail clerk, office helper, and marker.  As pointed out by Nolen, the vocational expert offered those representative occupations based on a hypothetical posed by the ALJ that did not include all of Nolen's recognized limitations.  In pertinent part, the ALJ specifically asked the vocational expert to assume a person of the same age, education, and work history as Nolen, and also "assume [the] person [is] limited to sitting six hours" and "standing and walking six hours." *Id.* at 93.  "The problem is that the ALJ did not find that [Nolen] can stand/walk 6 hours and sit 6 hours, as he posed to the [vocational expert] in the hypothetical question.  Rather, the ALJ found that Ms. Nolen is limited to standing and/or walking 4 hours." Dkt. 14 at 5 (quotation marks and citations omitted).

The Commissioner argues that this error is harmless because the hearing transcript contains two additional jobs (assignment clerk and routing clerk), which the vocational expert provided based on an alternative hypothetical question containing the same limitations as found in the RFC assessment, except that the individual could only stand/walk for 2 hours in

---

[1] Although I do not reach this issue, I urge the ALJ on remand to ensure that he strictly complies with the so-called treating physician rule, which was still applicable when Nolen applied for disability benefits.

an 8-hour workday. In the Commissioner's view, because the assignment clerk and routing clerk jobs were provided in the hearing transcript, the ALJ's failure to mention those jobs in his decision amounts to nothing more than a failure to achieve procedural perfection in the administrative proceeding, which is not required.

I recognize that perfection in the administrative proceeding is not required, but in my view this issue is about more than a lack of perfection. The ALJ expressly incorporated certain of the vocational expert's findings into his decision. As explained by one court, I "may not accept explanations not offered in the ALJ's opinion" and "cannot ignore or disregard statements made by the ALJ in support of the decision." *Smith v. Colvin*, No. 1:14CV195-SA-DAS, 2016 WL 762693, at *9 (N.D. Miss. Feb. 25, 2016) (internal quotation marks and citation omitted). The Commissioner essentially asks me to do both—i.e., ignore statements in the ALJ's decision, while accepting statements contained in the hearing transcript that were never incorporated into the ALJ's decision. I decline the invitation.

As I have previously explained, "[i]f an ALJ relies on a vocational expert's testimony elicited by a defective hypothetical question, the ALJ does not meet [his] burden to show that a claimant could perform available work." *Lopez v. Saul*, No. 3:19-CV-00157, 2020 WL 5233006, at *4 (S.D. Tex. Sept. 2, 2020). This is exactly the situation here. And, in my view, it is conceivable that the ALJ may have reached a different administrative conclusion if he had not made this error.

## CONCLUSION

For the reasons stated above, I recommend that Plaintiff's Motion for Summary Judgment (Dkt. 14) be **GRANTED**; Defendant's Motion for Summary Judgment (Dkt. 17)

be **DENIED**; and the decision of the ALJ be **REVERSED** and **REMANDED** for reconsideration in accordance with this opinion and applicable law.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Galveston, Texas, this 5th day of October 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE